Chief Justice Marshall
delivered the opinion, of the Court.
This action of ejectment was brought in 1839, on the demise of Frances Young, to recover a tract of land in the possession of Smith and others, in the county of Pulaski. On the trial of the case, the plaintiff read a deed, bearing date in 1810, from William Buford, conveying the land in contest to Barney Young and Frances Young, then husband and wife, and the latter being the present lessor; and also read a deed of 1819 from Barney Young, conveying the same land to one Schwink. In this deed the present lessor was not named as a party, but she signed it and relinquished her dower as certified by the Clerk. Other deeds were read conveying the land from Schwink, through intermediate grantees to the present defendants, who were proved to have been in possession at and before the time of serving the notice in this case. It was also proved that Barney Young had died some years before 1839. The defendants read two judgments for costs, &c., against the lessor, rendered in 1835 and 1837, for failing to prosecute two previous actions of ejectment in the same Court against the same and other defendants, also the executions thereon, showing a levy on 350 acres of land, the same quantity mentioned in Buford’s deed of 1810, and a sale thereof for $2016; and also a Sheriff’s deed, executed before the commencement of this action, conveying the same as being the-land in possession of Smith and Price, the defendants in this action. This deed was objected to by the plaintiff, and its admission as evidence was the only point reserved by ex *294 ceptions on the trial. The parol testimony related principally to facts intended to bear upon the validity of the Sheriff’s sale and deed, but no question was made or decided with respect to this testimony, except such as may be involved in one of the grounds alleged for a new trial; that the verdict is against law and evidence; the other being that the Court erred in admitting the Sheriff’s deed to be read as evidence.
Verdict for defendants below; motion for new trial overruled.
Though a sheriffs return does not show that in all respects he proceeded according to the deduction of the 28th and 29th sections of the execution law in regard to sales of land, (Stat. Law, 630) yet if the contrary does not appear positively, the sheriff's deed should not be excluded from the jury.
The plaintiff’s motion for a new trial having been overruled, the only ground seriously urged for the reversal of the judgment, relates to the admissibility and effect of the Sheriff’s deed. The numerous objections to w'hich, will be briefly considered and disposed of without stating them at large.
1. The two judgments for costs authorized the executions, levies and sale.
2. The levy, though not stated in the return or with all the specifications that might have been made, implies that the land was levied on as the property of the defendant in the execution, or claimed by her, although not so stated, and there is no doubt upon the return and other evidence, that it was the land now in contest.
3. Although the return does not show that the Sheriff proceeded in the sale as directed in the 28th and 29th sections of the execution law, (1 Statute Law, 650,) it does not show the contrary. And if this might he implied from the parol evidence afterwards introduced, such implication could not operate upon the question of the admissibility of the deed, because the evidence on which it may arise had not then been given; because, as a question of fact, it could not be positively assumed by the Court, even if authorized by the evidence, but should have been left to the jury;- and because the failure of the Sheriff to cry the sale in the precise manner prescribed by the act, is an irregularity, which, though it might be proper ground for a motion to quash the sale, does not make it void, and is unavailable as a ground for avoiding it in this action of ejectment. We observe, however, that the failure is only matter of in *295 ference from the parol evidence, that if available in this action, it was for the j.ury to determine whether it existed as a fact, and that no instruction having been given or asked for on the subject, and the failure not having been so proved as to be now assumed, the verdict for the defendants must be considered as establishing the fact as the jury might have found it in favor of the validity of the sale,
^ deputy^hei iff who made a the name of his i^óffieeof an'anfhe1SauUes may be performed by either principal or deputy>
4. The deed made in the name of the principal Sheriff by the deputy who made the levy and sale, is deemed sufficient. The office of Sheriff, though executed by a principal and his deputies, is but one. The principal Sheriff, by his deputy, made -the levy and sale. And we think he might either in person or by the same dep- . , . . ,, .... , . , . uty execute the deed and pass the title, which never in fact vested either in the principal or the deputy, but was only subject to the power of levy and sale and conveyance conferred upon the Sheriff by the execution under the law, and to be exercised by him in person or by deputy.
The case of Winslow vs Austin, (5 J. J. Marshall, 408,) shows that it was considered to be a serious question whether, as the statute declares that in sales of land under execution, the Sheriff or other officer shall convey, &c., the principal Sheriff was not alone invested with the power to the exclusion of the deputy, and it seems to have been, in part at least, on the ground that the deputy, as well as the Coroner, may be referred to by the words other officer, that the powers of the deputy was established. Whether we might not consider the deputy as included under the description of Sheriff, rather than under that of ‘other officer,’ is not material. We fully concur in another principle asserted in the case referred to, namely, that there is a striking distinction between the execution of a naked power created by letter of attorney and the execution of official duties and powers conferred by law upon public officers. It would be especially prejudicial to the public and to all parties interested in sales under judicial authority, to apply to the merely formal acts done *296 }n execution of the powers conferred upon the officers entrusted with these sales, any subtle test or construction which might bring distrust upon such proceedings.
The process <ti-sheriff may be or0b°yUihe deputy the principal — in whole or in part —the principal may sell land afhas tíeevied!PUor the Ve/eputyahas sold.
Executions may issue to tlie county in which the judgment was rendered, or that in which the defendant resides: {Stat. Law, 646.) But though an execution issue not in conformity to statute, the sale •is not void: (X Monroe 94: 5 lb. •479.)
As the execution is directed to the Sheriff, he, that is the principal, has the right to levy, sell and convey, His deputy, by virtue of his appointment as such, and of his being entrusted with any particular execution, ^as authority, in the name of the principal, or as his deputy, to do either of these acts. But as the princi- , , , . , , . . , 1 pal might undoubtedly take the execution in hand aftqr it had been received or even levied by the deputy, an(^ §° on ^ í0 a finM consummation by sale and conveyance, so we think he might at any stage assume and complete the execution of the power, and consequently, that either in person, or by his deputy, he might convey the land which the latter had sold.
5. The 20th section of the execution law, (1 Statute Law, 646,) does not require the execution on a judgment to be, in all cases, issued to the county in which the defendant resides. The statute expressly authorizes it to be issued to the county in which the judgment was rendered, as was done in this case, or to that in which the defendant resides, at the option of the plaintiff. Besides, even if the execution had been directed to a wrong county, this would not have made the sale void: (1 Monroe, 94; 5 Monroe, 479, &c.) As the plaintiffs in the judgments had a right to issue tbeir executions to the county in which the judgment was rendered, the parol evidence showing that the defendant resided in another county where she had personal property to have satisfied the execution, was immaterial as to the validity of the execution sale and the deed, except so far as it might bear upon the question of fraud in the sale. As to which, no opinion was given by the Court, nor asked for by the plaintiff on the trial of this case; and as remarked upon another point, the verdict of the jury settles the question of fraud against the plaintiff.
6. The agreement among the plaintiffs in the execution that one of them should bid and purchase, was not *297 oí itself a matter of which the defendant in the execution had a right to complain. It certainly did not avoid the sale. And even if this and other circumstances in connection with the inadequate price for which the land, valued at $700, was sold, might conduce to establish fraud in the sale, there is direct evidence by the deputy Sheriff, who made it, that it was fairly and openly conducted in the court house yard, in the presence of a number of persons who might have bid if they had chosen; and as the jury was not bound to find the sale fraudulent* their verdict in its favor cannot be disturbed by this Court as being contrary to the evidence.
It is not sufficient ground to avoid a sale that the plaintiffs in the execution combined not to bid against each other, especially ■where the sale was open at the Court house on Court day.
The Courtdecide hpon the effect and admissibility of a deed read in evidence, tho’ not objected to, as necessary to reach the question whether A new trial should have been granted based upon lhe ground that the verdict was against law and. evidence;
7. The objection to the deed that it does not appear that the plaintiffs in the executions had been made defendants to the actions of ejectment, is like the others, wholly unavailing. The title of the record read to prove the judgments* names these persons as defendants, and the judgments are in their favor. If they were not, in fact, defendants entitled to judgment, the judgments should have been reversed, or the executions quashed; No advantage can he taken in this mode of a mere error in the judgments, if one existed. But none ap-* pears on the record of the judgments, and in the absence of the previous part of the record none will be presumed. Besides, if the tenants in possession, or others, had not been made defendants, there would have been no costs of the defence, and no appearance of the defendants would have been stated in the record of the judgments.
The foregoing objections to the judgments, though some apply to the admissibility of the deed, and others to the effect of evidence not affecting its admissibility, but which* if entitled to any effect, might have been considered by the jury as impairing its efficacy on the ground of fraud, have been disposed of in the order in which they are presented in the brief of the counsel. And as, in our opinion, they do not establish any ei’ror, either in the admission of the deed as evidence or in *298 overruling the motion for a new trial, there is no ground for reversing the judgment.
With respect to the plaintiff’s right of recovery upon her own evidence in chief, we need only remark that as there is no intimation of any other title in the defendants but that derived from the deed of Barney Young, nor of any possession in them, or those under whom they claim prior to their respective deeds from Young’s grantees, immediate and remote, the jury had a right to infer that the possession was acquired and transmitted under these deeds and under the title of Young, which, upon his death, vested, by operation of law, in his wife as the survivor, whose title was not transferred by the deed* nor by her relinquishment of dower. And as the title of Barney Young terminated absolutely at his death before that of his wife, his vendees held, after that event, as mere tenants at sufferance of the surviving wife, upon whom she might have entered without notice to quit, or at any rate upon rea-< sonable demand of possession. And if such notice or demand were necessary, we are of opinion that the previous actions of ejectment, which the jury might have inferred were for the same land, constituted a sufficient demand of possession; and in the absence of any evidence of consent or permission on the part of the plaintiff, that the defendants should continue in possession as her tenants, dispensed with any other notice or demand., With the regard to the statute of limitations^ twenty years had not elapsed from the death of Barney Young. The act of 1842, reducing the limitation to three years, had not passed when the action was commenced, and the act of 1809, limiting actions to seven years in the case of adversary titles, does not apply.
The jury, therefore, but for the deed transferring the title of Mrs. Young, before this suit was commenced,, might have found for the plaintiff, and in this state of the case, it was necessary that we should decide upon the admissibility of that deed; and although there was no motion to exclude the deed, or for instructions as to the effect which the jury might allow to' the facts to *299 which the parol evidence was directed, it was also necessary to decide whether that evidence was of such a character as that the jury were bound to find against the deed.
Dunlap for plaintiff; Bell and Fox for defendants.
As already shown, we are of opinion that the deed was properly admitted to be read in evidence, and that upon the whole case, the verdict is not against law and evidence, and, therefoi’e, the judgment is affirmed.