## ADAIR BOYD *v.* WILLIAM MERCER.

**Deed Made by Deputy Sheriff.**

> A deed made by a deputy sheriff should be made in the name of his principal, but when made in the name of the deputy it is not invalid for that reason. Such a deed is admissible in evidence to show that the grantee entered and held under claim of title, and is competent evidence of title.

APPEAL FROM MUHLENBURG COURT OF COMMON PLEAS.

April 26, 1880.

OPINION BY JUDGE COFER:

The deed made by Eaves, deputy sheriff, was not only admissible as evidence that the grantee entered and held under claim of title, and of the extent to which he claimed, but was competent as evidence of title.

In *Winslow v. Austin*, 5 J. J. Marsh. 408, a deed was made by a deputy marshal in his own name just as this was made by the deputy sheriff. The act of congress gave to the marshals and their deputies the same powers in executing the laws of the United States as was possessed by sheriffs and their deputies in the several states, in executing the laws of the states respectively.

The court, after full consideration, held that the deed was valid on the ground that a deed made in like manner by a deputy sheriff would have been valid. In *Young v. Smith*, 10 B. Mon. 293, the case of *Winslow v. Austin*, is referred to with approval, and we are

not aware of any subsequent case by which the doctrine of that case has been in the least contravened or shaken.

Counsel seem to suppose that there is something in the language of this court in *Talbott's Devisees v. Hooser,* 12 Bush 408, which may have that effect, but we think otherwise. We there said that "Whatever official act is done by a deputy should be done in the name of his principal". More was said to the same effect, but we did not say or mean to be understood as intimating that a failure to do the act in the mode we deemed most appropriate would render it void. We there held the act of the deputy valid, although not done in the mode indicated in the opinion as the correct one.

The Act of 1792, referred to in *Winslow v. Austin* required the deputy sheriff to subscribe, as well his own, as his principal's name, under a penalty of $40. This made it the duty of the deputy to act in the name of his principal, but the court expressly held that the omission to perform that duty did not render the act nugatory. So in *Talbott v. Hooser* we said the deputy should act in the name of the principal, but we held valid an act not so done.

What we have said in regard to the acts of the deputy not done in the name of the principal is equally applicable to the certificate of the deputy clerk.

Judgment *reversed* and cause remanded for a new trial upon principles not inconsistent with this opinion.

*Chas. Eaves, William Lindsay, for appellant.*

*Roark & Hay, for appellee.*